# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HOLCIM (US) INC.<br>8700 West Bryn Mawr Avenue, Suite 300N<br>Chicago, Illinois 60631 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| TECH READY MIX, INC.<br>5000 Crayton Ave.<br>Cleveland, Ohio 44104 | )<br>)<br>) | |
| | ) | |
| c/o Calabrese & Associates, LLC<br>34305 Solon Road, Suite 40<br>Solon, Ohio 44139 | )<br>)<br>) | |
| | ) | |
| and | ) | |
| | ) | |
| MARK F. PERKINS<br>7220 Rollingbrook Trail<br>Solon, Ohio 44139 | )<br>)<br>) | |
| | )<br>) | |
| Defendants. | ) | |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, Holcim (US) Inc. ("Holcim") by and through its undersigned counsel, for its complaint against Defendants Tech Ready Mix, Inc. ("Tech") and Mark F. Perkins ("Perkins") states as follows:

### PARTIES AND VENUE

1. Plaintiff Holcim is a Delaware corporation with its principal place of business in Chicago, Illinois.

19376454-1

2. Defendant Tech is an Ohio corporation, which upon information and belief maintains its principal place of business in Cleveland, Ohio.

3. Defendant Perkins is an individual, who upon information and belief, resides in Solon, Ohio.

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because diversity jurisdiction exists and the amount in dispute is in excess of $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

6. Venue is proper in the Eastern Division of this Court pursuant to N.D. Ohio Civ. R. 3.8 in that a substantial part of the events giving rise to the claim occurred in and Tech and Perkins reside in Cuyahoga County, Ohio.

## FACTS

7. On or about January 17, 2024, Tech signed a Credit Application to Holcim (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

8. Tech signed the Agreement for the purpose of inducing Holcim to extend credit to Tech.

9. In signing the Agreement Tech to agreed:

   a. that all sales were made pursuant and subject to Holcim's standard terms and conditions of sale which were included as part of the Agreement;

   b. to pay all charges when due or be subject to a late payment charge;

   c. that any balance owed Holcim is due in full on the date stated on the invoice or upon any default or violation of the terms; and

   d. to pay all collection costs, including reasonable attorney's fees.

19376454-1

10. As part of the Agreement, Perkins signed personal guarantee provision in consideration of Holcim extending credit to Tech.

11. In the Agreement, Perkins guaranteed to make full and prompt payments to Holcim when due.

12. Tech and Perkins agreed to make payment pursuant to the Agreement and the standard terms of condition and sales.

13. Pursuant to the Agreement, Ohio law governs this dispute.

14. The Agreement provides that upon Tech's credit, all invoices will be due at the gross amount and payable no later than the last day of the month following shipment.

15. Invoices not paid in full by the last day of the month following the month of shipment shall be considered past-due and shall bear interest at the rate of 1.5% per month or the maximum rate permitted by applicable law, if lower, thereafter until paid.

16. Pursuant to the Agreement, upon Tech's breach or default, Tech agreed to reimburse Holcim for all collection costs, court costs, attorney's' fees and expenses, and other charges incurred by Holcim. This obligation was likewise guaranteed by Perkins individually.

17. Tech has placed orders and received product from Holcim from March 2024 through August 2024.

18. Holcim sent Tech invoices for the product it sent to Tech.

19. Tech has failed to pay the invoices as required under het Agreement.

20. Tech owes Holcim an outstanding balance of $2,317,356.55.

21. On October 2, 2024, Holcim made a demand for payment in full of $2,317,356.55 requiring payment in full by October 16, 2024.

22. Tech has failed to make any payment on the $2,317,356.55 it owes Holcim.

19376454-1

## **COUNT I– BREACH OF CONTRACT**

23. Holcim hereby incorporates by reference each and every allegations contained in paragraphs 1 through 24.

24. Tech and Holcim entered into the Agreement.

25. Tech breached the Agreement by failing to pay the invoices in accordance with the Agreement.

26. Holcim did fully comply with the terms of the Agreement.

27. As a direct and proximate result of Tech's breach of the Agreement, Holcim suffered damages in an amount of $2,317,356.55, exclusive of interest, costs, and attorney's fees.

## **COUNT II– BREACH OF GUARANTEE**

28. Holcim hereby incorporates by reference each and every allegations contained in paragraphs 1 through 30.

29. Perkins unconditionally guaranteed the full and prompt payment when due of Tech to Holcim.

30. Perkins breached his guarantee by failing to make the payments owed by Tech.

31. As a direct and proximate cause of Perkins' breach of his personal guarantee, Holcim has been damaged in the amount of $2,317,356.55 in past due invoices as well as interest, costs, and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Holcim (US) Inc. respectfully request that this Court issue the following relief in their favor and against Tech Ready Mix, Inc. and Mark F. Perkins.

1. On Counts I, damages against Tech for $2,317,356.55 plus interest, costs, and attorney's fees;

19376454-1

    2.   On Counts II, damages against Perkins for $2,317,356.55 plus interest, costs, and attorney's fees;

    3.   Reasonable attorneys' fees, interest, expenses, and costs; and

    4.   Such other and further relief, in law or in equity, as this Court deems just and reasonable.

Respectfully submitted,

/s/  *Mark S. Fusco*
Mark S. Fusco (Reg. No. 0040604)
  Email: mfusco@walterhav.com
  Direct Dial: 216-619-7839
Alexandra V. Dattilo (Reg. No. 0086444)
  Email: adattilo@walterhav.com
  Direct Dial: 216-928-2900
WALTER | HAVERFIELD LLP
1500 W. 3rd Street, Suite 300
Cleveland, Ohio 44113-1467

19376454-1