# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| HOLCIM (US) INC., | ) | CASE NO. 1:24-CV-1966 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| TECH READY MIX, INC., *et al*., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 16, 2024, Plaintiff filed an application to the Clerk for an entry of default against Defendants because Defendants were served on November 13, 2024 and November 14, 2024 (ECF Nos. 4, 5, and 6), but never filed an answer.  (ECF No. 7).  The Clerk entered default on December 17, 2024.  (ECF No. 8).  On December 23, 2024, Plaintiff moved for default judgment.  (ECF No. 9).

The same day, Defendants moved to set aside the Clerk's entry of default.  (ECF No. 11). Defendants explained that the statutory agent and the next attorney Defendants contacted had a conflict and could not represent them.  (*Id*. at PageID #62–63).  Defendants contacted a third attorney, who informed them on December 17, 2024 that she could not take on new matters because her son had a recurrence of a brain tumor.  (*Id*. at PageID #63).  Defendants tried to retain a fourth attorney, but he required additional counsel.  (*Id*.).  Defendants retained their current counsel on December 23, 2024.  (*Id*.).  Defendants argue that good cause exists to set aside the entry of default because the default was not willful, and Defendants have meritorious defenses to the claims.  (*Id*. at PageID #64–65).

On January 6, 2025, Plaintiff opposed Defendants' motion.  (ECF No. 12).  Plaintiff argues

1

that Defendants willfully failed to answer, Defendants do not have a meritorious defense, and Plaintiff will be prejudiced if default is set aside.  (*Id*. at PageID #75–78).

The Court "may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  In assessing good cause, the Court considers, "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced."  *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  The Sixth Circuit generally favors a policy of resolving cases on the merits instead of based on procedural missteps when it comes to setting aside default.  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

Defendants argue that default was not willful because they tried to retain numerous attorneys to represent them.  (ECF No. 11, PageID #64).  Plaintiff argues that Defendants' explanation is not supported by evidence because they are named in ten lawsuits and have five different lawyers representing them in those lawsuits.  (ECF No. 12, PageID #75).  "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011).  Defendants were diligent in attempting to retain counsel after discovering that their statutory agent could not be retained.  (ECF No. 11, PageID #68–69).  Defendants' actions do not indicate an intent to thwart judicial proceedings or a reckless disregard for the effect of their conduct on this case.  Defendants are not required to retain the same counsel here that they have retained in the other cases identified by Plaintiff.  (ECF No. 12, PageID #92–151).  Plaintiff's evidence about those cases does not contradict the information Defendants provided to explain the timeline of retaining counsel for this case.

Defendants argue that they have meritorious defenses to Plaintiff's claims because "the

amounts claimed that are owed are not calculated correctly" and "there were issues concerning the quality of some of the delivered materials." (ECF No. 11, PageID #65). Plaintiff argues that Defendants did not set forth a meritorious defense because Defendants did not deny that they breached the contract/guarantee, so both defenses raised only affect the damages determination and not the outcome of Plaintiff's claims. (ECF No. 12, PageID #77). The test of whether a defense is meritorious is not likelihood of success, but rather if it is "good at law." *Dassault*, 663 F.3d at 843. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id*. "[E]ven conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Id*.

Plaintiff's complaint alleges that Defendants placed orders and received product from Plaintiff from March 2024 through August 2024. (ECF No. 1, PageID #3). Plaintiff sent invoices to Defendants totaling $2,317,356.55 that Defendants did not pay. (*Id*.). Thus, Plaintiff asserts claims for breach of contract and breach of guarantee. (*Id*. at PageID #4). Ambiguous or disputed facts are construed in the light most favorable to Defendants, the defaulted parties. *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003). Defendants asserted defenses lack detail. Even so, the Court construes the defenses jointly (miscalculation of amounts and quality issues) to create a possibility that the outcome of Plaintiff's claims after trial would be contrary to the result achieved by default. The defenses combined could create a scenario where the requirements for breach of contract and breach of guarantee are not met.

Finally, Defendants argue that setting aside default will not prejudice Plaintiff because this case was filed on November 11, 2024 and default was entered less than one week before Defendants' motion. (ECF No. 11, PageID #64–65). Plaintiff argues that it will experience

3

prejudice if default is set aside "because a delay in a judgment in Holcim's favor as to the causes of action will permit Defendants to fraudulently move and hide their asserts in order to prevent Holcim from collecting on the judgment in the future." (ECF No. 12, PageID #78).  To establish prejudice, the delay caused by setting aside default should be shown to "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Dassault*, 663 F.3d at 842.  Plaintiff's allegation that Defendants are reversing default as a delay tactic in order to "transfer, hypothecate, waste or encumber their assets" is not supported by any evidence in the record.  (ECF No. 12, PageID #78).  Thus, there is no evidence that Plaintiff will be prejudiced if the Court sets aside the entry of default.

The three factors support setting aside default.  Good cause has been established for setting aside default.  The Court **GRANTS** Defendants' motion to set aside default.  (ECF No. 11).  The Clerk's December 17, 2024 entry of default is set aside.  (ECF No. 8).  Plaintiff's December 23, 2024 motion for default judgment is **DENIED** as **MOOT**.  (ECF No. 9).  Defendants shall answer or otherwise respond to Plaintiff's complaint by April 21, 2025.

**IT IS SO ORDERED.**

Date:  April 8, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**